589 A.2d 52
ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Gus BAKAS.

Misc. (Subtitle BV) No. 44, Sept. Term, 1989.

Court of Appeals of Maryland.

March 26, 1991.

Reconsideration Denied April 25, 1991.

John C. Broderick, Asst. Bar Counsel, for the Attorney Grievance Com'n. of Maryland.

David P. King, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, ORTH, CHARLES E., Jr. (retired, specially assigned), JJ.

MURPHY, Chief Judge.

By an unreported opinion dated November 7, 1990, we noted that Judge Leonard S. Jacobson of the Circuit Court for Baltimore County determined that Gus Bakas had violated a number of the disciplinary rules of the Code of Professional Responsibility, as charged by Bar Counsel.

We further noted that while testimony was adduced before Judge Jacobson that Bakas was an alcoholic, no finding was made by him as to whether Bakas's alcoholism was causally related to his misconduct, as Bakas had maintained. Accordingly, we remanded the case to Judge Jacobson to make this factual determination for whatever bearing it may have on the sanction to be imposed for Bakas's misconduct.

By his supplemental findings dated November 30, 1990, Judge Jacobson concluded, after reviewing the entire record, that "the Respondent's case consisted primarily of a recitation of the Respondent's personal and professional history, a report of a psychiatric evaluation and the testimony of Richard Vincent, an expert on alcoholism, who counseled the Respondent and got him into therapy while these proceedings were pending." Judge Jacobson then stated: "Although the Petitioner's testimony and that of Mr. Vincent, as well as the report of Dr. McDaniel, present a picture of a life style of nearly 40 years dominated by the use and apparent abuse of alcohol, there is little or no direct evidence that such a life style and its predictable consequences caused the Respondent to act in the manner described in this case." Judge Jacobson concluded that "[g]iven these factual findings and applying the standard of clear and convincing evidence dictated by Maryland Rule BV10 d, this Court is unable to find that the misconduct detailed in its Memorandum Opinion of August 7, 1990 was causally related to the Respondent's alcoholism."

We heard oral argument on Judge Jacobson's supplemental findings at which time it was argued that Judge Jacobson improperly applied the "clear and convincing" standard of Rule BV10 d in determining whether Bakas had proved the causal relationship between his misconduct and his alcoholism.

Rule BV10 d provides as follows:

"The hearing of charges is governed by the same rules of law, evidence and procedure as are applicable to the trial of civil proceedings in equity. Factual findings shall be supported by clear and convincing evidence."

■ The "clear and convincing" standard of Rule BV10 d applies to the measure of proof imposed upon the Attorney Grievance Commission in factual determinations essential to establishing its case against the attorney. *Attorney Griev. Comm'n v. Bailey*, 285 Md. 631, 644, 403 A.2d 1261 (1979). It does not apply to factual matters sought to be established by the attorney in defense of the attorney's position, including whether mitigating circumstances have been shown. As to this, the preponderance of evidence standard is the applicable measure of proof.

■ Because we are uncertain whether Judge Jacobson applied the wrong standard of proof to Bakas's efforts to establish the requisite causal nexus, we shall once again remand the case to him to determine that question by a preponderance of the evidence.

IT IS SO ORDERED.