846 A.2d 428

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Ronald Allen BROWN.

Misc. Docket AG No. 22, Sept.Term, 2003.

Court of Appeals of Maryland.

April 9, 2004.

Melvin Hirshman, Bar Counsel, Gail D. Kessler, Asst. Bar Counsel for Atty. Grievance Com'n, for petitioner.

Ronald Allen Brown, Waldorf, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, GREENE, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a Petition For Disciplinary Action against Ronald A.

---

1. Maryland Rule 16–751, as relevant, provides:

Brown, the respondent, in which it was charged that the respondent violated Rules 1.1, Competence,[2] 1.15, Safekeeping property,[3] 8.1, Bar Admission and Disciplinary Matters,[4] and 8.4, Misconduct,[5] of the Maryland Rules of Professional Con-

"(a) *Commencement of disciplinary or remedial action.* (1) Upon approval of the Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.1 provides:

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

3. Rule 1.15 provides, as relevant:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.
"(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

4. Rule 8.1 provides, as relevant:

"An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*   .   \*     \*     \*     \*     \*

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

5. Rule 8.4, as relevant, provides:

"It is professional misconduct for a lawyer to:
"(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or to do so through the acts of another;

duct, as adopted by Maryland Rule 16–812. Bar Counsel also alleged that the respondent violated Maryland Rules 16–606, Name and Designation of Account,[6] and 16–609, Prohibited Transactions,[7] and Maryland Code (1989, 2000 Replacement Volume) § § 10–306 [8] and 10–307 [9]of the Business Occupations and Professions Article.

We referred the case, pursuant to Rules 16–752(a),[10] to the Honorable Christopher C. Henderson, of the Circuit Court for

---

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
"(d) engage in conduct that is prejudicial to the administration of justice."

      *      *      *·      *      *      *

6.  That Rule provides:
"An attorney or law firm shall maintain each attorney trust account with a title that includes the name of the attorney or law firm and that clearly designates the account as 'Attorney Trust Account,' 'Attorney Escrow Account,' or 'Clients' Funds Account' on all checks and deposit slips. The title shall distinguish the account from any other fiduciary account that the attorney or law firm may maintain and from any personal or business account of the attorney or law firm."

7.  Maryland Rule 16–609 provides:
"An attorney or law firm may not borrow or pledge any funds required by these Rules to be deposited in an attorney trust account, obtain any remuneration from the financial institution for depositing any funds in the account, or use any funds for any unauthorized purpose. An instrument drawn on an attorney trust account may not be drawn payable to cash or to bearer."

8.  Maryland Code (1989, 2000 Replacement Volume) § 10–306 of the Business and Occupation Article provides: "A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer."

9.  Section 10–307 provides:
"A lawyer who willfully violates any provision of this Part I of this subtitle, except for the requirement that a lawyer deposit trust moneys in an attorney trust account for charitable purposes under § 10–303 of this subtitle, is subject to disciplinary proceedings as the Maryland Rules provide."

10.  Rule 16–752(a) provides:

Charles County, for hearing pursuant to Rule 16–757(c).[11] Although served with this Court's Order and the Petition for Disciplinary or Remedial Action, the respondent did not file a response. Consequently, an Order of Default was entered and a hearing date set. The Order of Default has not been vacated and the respondent has not requested that relief. Following the hearing, at which the respondent neither appeared nor participated, the hearing court found facts by a clear and convincing standard and drew conclusions of law as follows:

## "FINDINGS OF FACT

"In 2002, the Respondent represented Sara August in a personal injury matter that had occurred on January 13, 2002. Respondent settled August's matter in July 2002 with the Maryland Automobile Insurance Fund in the amount of $ 4,500. Thereafter, on July 25, 2002, Respondent deposited August's $ 4,500 settlement check into his attorney trust account at Sun Trust Bank. On July 20, 2002,[12] Respondent wrote Check No. 1001, on that account in the amount of

"(a) Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

11. Maryland Rule 16–757(c) provides:
"(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

12. At argument, in response to a question from the bench, the petitioner indicated that this date should be July 30, 2002, as the withdrawal of the deposited amount could not have occurred before it was deposited.

$ 4,500 made payable to his law office leaving a balance of $ 105.44. On August 20, 2002 Respondent wrote August Check No. 1028 in the amount of $ 2,280 when he did not have sufficient funds in the trust account to cover that check.

"Sun Trust Bank honored Respondent's Check No. 1028 made payable to August in the amount of $2,820 [sic]. Thereafter, Sun Trust Bank filed suit in the District Court for Charles County Maryland against the Respondent. On May 21, 2003, judgment was entered against the respondent in the amount of $ 2,866.56, interest of 74.92, costs of $ 20 and attorney's fees in the amount of $ 716.64. As of December 1, 2003, Respondent had not paid the judgment entered against [him] in favor of Sun Trust Bank.

"Respondent opened up his attorney trust account at Sun Trust Bank on July 11, 2002, depositing $ 105.44. The only activity that was conducted on that account was the August settlement of $ 4,500. Further when Respondent opened the trust account at Sun Trust Bank, he did not have the account nor the checks clearly designated as 'Attorney Trust Account,' 'Attorney Escrow Account,' or 'Client Funds Account' as required pursuant to Maryland Rule 16–606.

"Petitioner mailed letters to the Respondent dated September 10, 2002, November 1, 2002, and November 13, 2002 requesting a written response to the overdraft on his attorney trust account held at Sun Trust Bank. The Respondent never responded to those letters. On January 10, 2003, the Respondent agreed to an interview with Bar Counsel's investigator, however, he failed to appear for that interview.

### "CONCLUSIONS OF LAW

"By his conduct, the Respondent violated Maryland Rules of Professional Conduct 1.1, 1.[15](a)(b), 8.1(b), 8.4(a)(b)(c)(d), Maryland Rules 16–606 and 16–6098 and Business Occupations and Professions Article § 10–306 and § 10–307. The Respondent's failure to properly maintain August's settlement monies in his escrow account demon-

strates his incompetence pursuant to Rule 1.1. The Respondent's failure to hold the money in his escrow account and his failure to promptly deliver the money to his client August, violates Rule 1.15(a) and (b). Respondent's failure to respond to the Petitioner's letter[s] and attend the scheduled interview violates Rule 8.1(b). The Respondent's failure to properly designate his attorney trust account at Sun Trust Bank as 'Attorney Trust Account,' 'Attorney Escrow Account,' or 'Client Funds Account' violates Rule 16–606.

"The Respondent's misuse of August's settlement monies violates Maryland Rules of Professional Conduct 8.4(a)(b)(c)(d), Maryland Rule 16–609 and Business Occupations and Professions Article § 10–306 and § 10–307. The Respondent's misappropriation of August's $ 2,820 is an act of theft and dishonesty which is a violation of Rules 8.4(b) and (c)."

The petitioner took no exceptions to the findings and conclusions of the hearing court. It did make a recommendation for sanction, however. Relying on *Attorney Grievance Comm'n v. Spery,* 371 Md. 560, 568, 810 A.2d 487, 491–92 (2002); *Attorney Grievance Comm'n v. Sullivan,* 369 Md. 650, 655–56, 801 A.2d 1077, 1080 (2002); *Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 410, 773 A.2d 463, 483 (2001) and noting what we have often said, "that '[m]isappropriation, by an attorney, of funds entrusted to his/her care is an act of deceit and dishonesty, and, in the absence of compelling and extenuating circumstances justifying a lesser sanction, will result in disbarment,' " it urges the respondent's disbarment. The petitioner concludes, "Respondent's misrepresentation coupled with his failure to participate in the disciplinary process would justify a sanction of disbarment."

Although he did not appear or participate in the disciplinary proceedings, the respondent filed Respondent's Exceptions and Recommendations. Without providing any particulars or argument, he merely "denie[d] that he misappropriated funds entrusted to him or failed to properly establish his attorney trust account or committed the misconduct as found by the

Circuit Court." His recommendation is that the proceeding be dismissed.

The respondent's "exceptions" are overruled. It is well settled that the "hearing court's findings of fact are prima facie correct and will not be disturbed unless they are shown to be clearly erroneous." *Attorney Griev. Comm'n v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997) (citing *Attorney Griev. Comm'n v. Goldsborough,* 330 Md. 342, 347, 624 A.2d 503, 505 (1993)). *Attorney Grievance Comm'n v. McCoy,* 369 Md. 226, 234–235, 798 A.2d 1132, 1137 (2002). Indeed, the findings of fact made by the hearing court are reviewed to determine if they are based on clear and convincing evidence. *Attorney Grievance Comm'n v. Powell,* 328 Md. 276, 287–288, 614 A.2d 102, 108 (1992); *Attorney Grievance Comm'n v. Clements,* 319 Md. 289, 298, 572 A.2d 174, 179 (1990). The findings of fact made in this case are not clearly erroneous. In point of fact, there is ample evidence to support them and, just as important, to justify the conclusions drawn from them. Significantly, the respondent has presented nothing to suggest, not to mention demonstrate, otherwise. Exceptions will be overruled, we have said, when the findings are not clearly erroneous. *McCoy,* 369 Md. at 234–235, 798 A.2d at 1137.

Turning to the sanction, the petitioner has accurately stated the general rule, "that disbarment will inevitably follow any unmitigated misappropriation of client, or any third party's funds[.]" *Attorney Grievance Comm'n v. Hayes,* 367 Md. 504, 512–13, 789 A.2d 119, 124 (2002), and the cases therein cited. Moreover, we have made clear, albeit in the context of a reciprocal discipline proceeding, that "the burden is on the respondent to demonstrate—in Maryland, the burden of establishing factual matters in defense must be carried by a 'preponderance of the evidence,' *Powell,* 328 Md. at 288, 614 A.2d at 109; *Attorney Griev. Comm'n v. Bakas,* 322 Md. 603, 605, 589 A.2d 52, 53 (1991)—that less severe discipline than that [recommended by Bar Counsel], or no discipline, should be imposed." *McCoy,* 369 Md. at 236, 798 A.2d at 1137. The

respondent's submission, consisting of only a recommendation, without any further amplification or statement of basis, certainly has not shown by a preponderance of the evidence that a less severe sanction than that recommended should be imposed in these proceedings.

Given the hearing court's findings, the only appropriate sanction in this case is disbarment.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RONALD ALLEN BROWN.