In re Ronald Allen BROWN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 368880).

No. 07–BG–81.

District of Columbia Court of Appeals.

Submitted April 3, 2008.
Decided April 18, 2008.

Before BLACKBURNE–RIGSBY, Associate Judge, and FERREN and STEADMAN, Senior Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding against Respondent Ronald Allen Brown, the Board on Professional Responsibility ("Board") has recommended that we impose reciprocal and identical discipline of disbarment. Mr. Brown has been a member of the bar of this court since March 3, 1983, but has been suspended for failure to pay dues since September 30, 2004. Mr. Brown was also admitted to the Bars of Maryland and Pennsylvania.

---

The Court of Appeals of Maryland disbarred Mr. Brown in April 2004 for, among other offenses, misappropriation of client funds. The full facts are set forth in the opinion of disbarment. *Attorney Grievance Commission of Maryland v. Brown*, 380 Md. 661, 846 A.2d 428 (2004). After the Court of Appeals of Maryland disbarred Mr. Brown for his conduct, he failed to report the discipline to Bar Counsel, as required under D.C. Bar R. XI, § 11(b).[1] Mr. Brown was subsequently disbarred in Pennsylvania on July 12, 2005, as a matter of reciprocal discipline.

On April 12, 2007, Bar Counsel recommended reciprocal discipline in the District of Columbia, and respondent has not filed any statements or participated in the disciplinary proceedings for reciprocal discipline. In cases where neither Bar Counsel nor the attorney opposes identical reciprocal discipline, the imposition of such discipline is almost automatic, *In re Drager*, 846 A.2d 992, 993 (D.C.2004), and "our review of the Board's recommendation is especially deferential." *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997) (citations omitted).

The Board determined that none of the exceptions for imposing reciprocal discipline, set out in D.C. Bar R. XI, § 11(c), applies in this case. The Board concluded that Mr. Brown's conduct in Maryland of intentional or reckless misappropriation of funds also violated the District of Columbia Rules of Professional Conduct, and such misappropriation alone is sufficient for disbarment in this jurisdiction. *See In re Carlson*, 745 A.2d 257, 259 (D.C.2000). Because our imposition of reciprocal discipline is nearly automatic when no exceptions are filed, and as our review of the Board's recommendation is "especially deferential," we adopt the Board's recommendation. Accordingly, it is

ORDERED that Ronald Allen Brown is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. We direct Mr. Brown's attention to D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. Mr. Brown's failure to report, combined with an initial search by Bar Counsel that did not reveal Mr. Brown's District of Columbia Bar membership, led to the delay in the issuance of this court's order for disbarment. However, this delay caused little harm since Mr. Brown has been suspended from the practice of law in the District of Columbia since September 2004.