984 A.2d 237

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Adekunle B. OLUJOBI (Awojobi).**

**Misc. Docket AG No. 28, Sept. Term, 2008.**

Court of Appeals of Maryland.

Dec. 4, 2009.

Fletcher P. Thompson, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n), for Petitioner.

No argument on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a Petition For Disciplinary or Remedial Action against Adekunle B. Olujobi (Awojobi), the respondent. The

---

1. Maryland Rule 16–751, as relevant, provides:

petition charged, consistent with the complaint of John Walker–Turner, Esquire, counsel for one of the parties to the sale of real property that the respondent conducted, that the respondent violated Rule 8. 1, Bar Admission and Disciplinary Matters,[2] and 8.4, Misconduct,[3] of the Maryland Rules of Professional Conduct, as adopted by Md. Rule 16–812, Md. Rule 16–609, Prohibited Transactions,[4] and Maryland Annotated Code (1989, 2004 Repl.Vol.) § 10–306 of the Business Occupations and Professions Article, pursuant to which "[a] lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer."

---

"(a) Commencement of disciplinary or remedial action. (1) Upon approval of the Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Maryland Rules of Professional Conduct 8. 1, provides:
"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\* \* \* \* \* \*

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

3. Md. Lawyer's R. Prof'l Conduct 8.4, as relevant, provides:
"It is professional misconduct for a lawyer to:

\* \* \* \* \* \*

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
"(d) engage in conduct that is prejudicial to the administration of justice[.]"

4. Md. Rule 16–609 provides:
"(a) Generally. An attorney or law firm may not borrow or pledge any funds required by these Rules in this Chapter to be deposited in an attorney trust account, obtain any remuneration from the financial institution for depositing any funds in the account, or use any funds for any unauthorized purpose.
"(b) No cash disbursements. An instrument drawn on an attorney trust account may not be drawn payable to cash or bearer."

We referred the case, pursuant to Md. Rule 16–752(a)[5], to the Honorable Thomas P. Smith, of the Circuit Court for Prince George's County, for hearing pursuant to Md. Rule 16–757(c).[6] Following a hearing, at which the respondent neither appeared nor participated, the hearing court found facts, by the clear and convincing standard, Md. Rule 16–757(b),[7] as follows (record references and footnotes omitted):

"1. On November 17, 2005, the Circuit for Prince George's County appointed respondent, Adekunkle Olujobi, a.k.a. Adekunkle Awojobi, as trustee for the sale of 3519 Roundhill Lane, Forestville, Maryland.... The property was owned by Cleo M. Johnson and Shawn T. Johnson, who were divorced by order of the court dated January 3, 2001....

"2. On May 30, 2006, respondent conducted an auction sale at the Prince George's County courthouse. The high bidder was Legacy Funding, LLC, which purchased the property for $230,500....

---

5. Md. Rule 16–752(a) provides:

"Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

6. Md. Rule 16–757(c) provides:

"Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

7. Md. Rule 16–757(b) provides:

"Burdens of proof. The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence."

"3. On June 14, 2006, respondent filed a report of sale. . . .

"4. On March 2, 2007, the Circuit Court for Prince George's County, entered a final order of ratification for the sale of the Johnsons' house. . . .

"5. On March 18, 2007, settlement on the property took place at respondent's law office at 6411 Ivy Lane. . . .

"6. The sale was audited on June 13, 2007 and the audit was ratified on June 26, 2007. . . .

"7. Respondent did not distribute the proceeds of the sale to either party and on July 2, 2007, Cleo Johnson and Shawn Johnson, through their respective counsel, filed a Joint Motion To Distribute Settlement Proceeds. . . .

"8. On August 10, 2007, the Circuit Court for Prince George's County ordered respondent to distribute $41,077.40 to Cleo Johnson and $41,077.09 to Shawn T. Johnson in care of his attorney, John Walker–Turner, Esquire. . . .

"9. Respondent did not distribute the funds to Shawn T. Johnson.

"10. In November 2007, complainant sent an e-mail to respondent asking respondent to contact him immediately in order to arrange for the delivery of Mr. Johnson's check. Complainant stated that if he did not hear from respondent by close of business on November 15, 2007, he would file a complaint with the Attorney Grievance Commission. . . .

"11. On November 18, 2007, respondent sent complainant an e-mail asking for 'professional courtesy and indulgence until the end of the month' when he would be back in the United States to take care of the disbursement. He further stated that his office in the United States was 'practically shut down for a Dubai office'. . . .

"12. Complainant replied that respondent had until close of business on November 20, 2007 to send a check to his office. . . .

"13. On the afternoon of November 20, 2007, respondent sent an e-mail to complainant saying that his failure to pay

Mr. Johnson must have been an oversight and that it was impossible to get a check to him until he got back....

"14. On November 21, 2007, complainant sent an e-mail to respondent asking for clarification about a payment of $ 1,700 respondent had made in disbursing the proceeds of the sale of the house....

"15. On November 22, 2007, respondent replied that he had no control over the disbursement and that he had just followed the auditor's instructions. He further advised complainant that he would 'get your check before the close of work the following Monday i.e. December 3rd....'

"16. On December 4, 2007, complainant e-mailed respondent that he had yet to receive the check and again advised respondent that he would inform petitioner the next day....

"17. On December 4, 2007, respondent e-mailed complainant that he was sorry but that he was still out of town and would make arrangements to pay before he got back. He said that he had asked his attorney, Rand Gelber, Esquire, to get in touch with complainant....

"18. Subsequently, complainant received a phone call from Mr. Gelber stating that respondent did not have the money and that he hoped to obtain the necessary funds.

"19. On December 17, 2007, complainant filed a complaint with petitioner and advised that respondent had failed to disburse funds due his client....

"20. Bar Counsel's investigator attempted to locate respondent to interview him regarding the complaint and was unsuccessful....

"21. As of January 31, 2009, respondent had not disbursed any funds to Shawn T. Johnson.

"22. There is no evidence of any remedial action taken by respondent."

On these facts, the hearing judge concluded that the respondent violated each of the charged violations, except the

Rule 8.1 violation.[8] As to Rule 8.4 of the Rules of Professional Conduct, Md. Rule 16–609, and § 10–306 of the Bus. Occ. & Prof. Article, the judge reasoned:

"The evidence shows that respondent received the proceeds from the sale of the Johnsons' house pursuant to the settlement on March 18, 2007. On August 10,2007, this court ordered that $41,077.40 be distributed to Cleo Johnson and the same amount be distributed to Shawn T. Johnson [9]. While it appears from the evidence that respondent may have paid Ms. Johnson, he did not pay Mr. Johnson.

"The e-mail correspondence between complainant and respondent shows that four months after the order, respondent acknowledged that he had not distributed the money to Mr. Johnson. As of the date of the trial, almost 18 months after the order to disburse, respondent had yet to distribute the funds. He admitted through Mr. Gelber that he no longer had the funds. Even without this last piece of evidence, it is inferable from respondent's failure to disburse to Mr. Johnson his share of the proceeds that respondent has used Mr. Johnson's money for his own purposes. *Attorney Grievance Commission v. Duvall,* 384 Md. 234, 863 A.2d 291, 294 (2004) (court infers that respondent failed to hold trust money in trust from passage of time and from respondent's failure to account to the client for the funds). Therefore, petitioner contends that it is established by clear and convincing evidence that respondent has appropriated funds belonging to Mr. Johnson to his own use.

"This act is a violation of Md. Bus. Occ. & Prof.Code Ann., § 10–306, which prohibits attorneys from using 'trust mon-

---

**8.** Although a recommendation by the hearing judge is not required or even solicited, see Md. Rule 16–757, one was tendered: "Respondent's actions merit disbarment."

**9.** This statement seems inconsistent with the hearing judge's finding at No. 8, stating "the Circuit Court for Prince George's County ordered respondent to distribute $41,077.40 to Cleo Johnson and $41,077.09 to Shawn T. Johnson...." Although this is not the "same amount," the error is not substantial enough to affect the hearing judge's findings or this Court's treatment of them.

ey', such as the funds from the sale of the house, for a purpose other than that for which the money was entrusted to the lawyer. Respondent's conduct also violates Rule 16–609, which prohibits attorneys from borrowing or otherwise misusing money which is required to be deposited in their trust account, as these funds should have been. *Attorney Grievance Commission v. Brown,* 380 Md. 661, 846 A.2d 428, 432 (2004) (misappropriation of client funds violates Md. Bus. Occ. & Prof.Code Ann., § 10–304 and Rule 16–609).

"Lastly, respondent's conduct violates Rules 8.4(b), (c) and (d). His actions constitute theft in violation [of] Md.Crim. Law Code Ann., § 7–104(a) (2002) because he has taken Mr. Johnson's money and used it for his own purposes. In committing theft, he has violated Rule 8.4(b), (c) and (d). *Attorney Grievance Commission v. Kapoor,* 391 Md. 505, 894 A.2d 502, 515, 517 (2006) (stealing client funds violates Rules 8.4(b), (c), and (d))."

The petitioner filed no exceptions to the hearing judge's findings, either of fact or conclusions of law. The petitioner did file, however, its recommendation for sanction. Noting the hearing judge's findings and conclusion from those findings that the respondent committed theft of funds entrusted to him and, thereby violated Rule 8.4(b), (c) and (d), Md. Rule 16–609 and Md. Bus. Occ. & Prof.Code Ann., § 10–306, the petitioner submits that the respondent should be disbarred.

As indicated, the respondent did not participate in these proceedings and, so, has neither excepted to the findings or conclusions nor presented anything remedial or mitigating.

Md. Rule 16–759, as relevant, provides:

"(b) Review by Court of Appeals. (1) Conclusions of law. The Court of Appeals shall review de novo the circuit court judge's conclusions of law.

"(2) Findings of fact. (A) If no exceptions are filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any."

Thus, since no exceptions have been filed challenging the hearing judge's findings of fact, we accept them as established. Moreover, those facts support the conclusions of law drawn by the court. *See Attorney Grievance Comm'n v. Hall*, 408 Md. 306, 322, 969 A.2d 953, 962 (2009); *Attorney Grievance Comm'n v. Goff*, 399 Md. 1, 28, 922 A.2d 554, 570 (2007). Accordingly, we proceed to the determination of the appropriate sanction.

 We recently confirmed, see *Attorney Grievance Comm'n v. West*, 411 Md. 3, 27, 981 A.2d 621, 635, 2009 Md. Lexis 738, *43 (2009), that, notwithstanding the benign goal of attorney discipline, "the protection of the public, rather than the punishment of the erring attorney," citing *Attorney Grievance Comm'n v. Hall*, 408 Md. 306, 335, 969 A.2d 953, 970 (2009), the default sanction for ethical violations involving intentional "misappropriation, or other intentional dishonest conduct, *see Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418, 773 A.2d 463, 488 (2001)," is disbarment. Only where compelling extenuating circumstances are shown to justify it, will a lesser sanction be imposed in such cases. *Attorney Grievance Comm'n v. Nussbaum*, 401 Md. 612, 644, 934 A.2d 1, 20 (2007), and cases cited therein. Here, as we have seen, no evidence of such circumstances was presented to the hearing judge and, not surprisingly, none was found. It follows that the petitioner's recommendation that the respondent be disbarred is justified and, therefore, we accept it.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ADEKUNLE B. OLUJOBI (AWOJOBI).**