984 A.2d 865

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**Charles Owusu KWARTENG.**

**Misc. Docket AG No. 41, Sept. Term, 2008.**

Court of Appeals of Maryland.

Dec. 10, 2009.

Gail D. Kessler, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n of Maryland), for Petitioner.

No argument on behalf of Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, and BARBERA, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a Petition For Disciplinary or Remedial Action

---

1. Maryland Rule 16–751, as relevant, provides:

against Charles Owusu Kwarteng, the respondent. The petition charged, consistent with the complaint of Allen E. Carter, that the respondent violated Rules 1.1, Competence,[2] 1.2, Scope of Representation,[3] 1.3, Diligence,[4] 1.4, Communication[5] 1.16, Declining or Terminating Representation,[6] 8. 1, Bar

---

"(a) Commencement of disciplinary or remedial action. (1) Upon approval of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.1 provides:

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

3. Rule 1.2, as pertinent, provides:

"(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law."

4. Pursuant to Rule 1.3, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

5. Rule 1.4, as relevant, provides:

"(a) A lawyer shall:

\*     \*     \*

"(2) keep the client reasonably informed about the status of the matter.
"(3) promptly comply with reasonable requests for information;

\*     \*     \*

"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

6. Rule 1. 16, as relevant, provides:

"(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

Admission and Disciplinary Matters,[7] and 8.4, Misconduct,[8] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812.[9]

We referred the case, pursuant to Rule 16–752(a)[10], to the Honorable Alfred Nance, of the Circuit Court for Baltimore City, for hearing pursuant to Rule 16–757(c).[11] Following a

---

**7.** Rule 8. 1, as pertinent, provides:

"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*　　\*　　\*

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

**8.** Rule 8.4, as relevant, provides:

"It is professional misconduct for a lawyer to:

"(a) violate or attempt to violate the Maryland Lawyers Rules of Professional Conduct knowingly assist or induce another to do so, or to do so through the acts of another;

\*　　\*　　\*

"(d) engage in conduct that is prejudicial to the administration of justice[.]"

\*　　\*　　\*

**9.** It appears that the respondent was charged pursuant to Maryland Rule 1230, the predecessor of Rule 16–812. There is no notice issue, however, since the Rule violations charged and the substance of the Rules in the Appendix to Rule 1230 are not materially different from the Rules and their substance in the Appendix to Rule 16–812. The form of Rule 1.4 is different, but the sections charged are virtually identical to sections in the present Rule.

**10.** Rule 16–752(a) provides:

"Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

**11.** Rule 16–757(c) provides:

"Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the

hearing, at which the respondent neither appeared nor participated,[12] the hearing judge found facts, by the clear and convincing standard, Rule 16–757(b),[13] as follows.

The respondent was retained by the complainant, Allen E. Carter, to represent him in an employment discrimination matter involving the State of Maryland, the Maryland Aviation Administration, the Maryland Department of Transportation, certain named individuals and Daniel Consultants, Inc. Pursuant to that engagement, the respondent filed a complaint in the United States District Court for the District of Maryland, naming the aforementioned persons as defendants. Subsequently, the defendants, in an effort to settle the case, submitted an offer, under which the complainant would receive salary grade increases and one thousand dollars ($ 1,000.00) in litigation costs, but not back pay or attorney's fees. The respondent did not advise the complainant of the consequences of refusing the settlement offer, that the case could be dismissed on motion for summary judgment. Depositions were held some months after the offer was made and thereafter the respondent ceased communications with the complainant, failing to return the telephone calls the complainant made almost daily, over an approximately five (5) month period. In addition, the defendants' motion for summary judgment was granted, but the respondent, during the succeeding four months,

---

written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

12. The Petition, this Court's Order of Referral, the Writ of Summons, Interrogatories, Request for Production of Documents and Request for Admission of Facts and Genuineness of documents were served, as permitted by Rule 16–753, on the Executive Director of the Client Protection Fund and an Order of Default. The respondent has not moved to vacate the default that was entered against him.

13. Rule 16–727(b) provides:
"(b) Burdens of proof. The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence."

did not notify the complainant of that fact. As a result, the complainant "was denied the opportunity to file an appeal."

The respondent also represented the complainant in connection with damages he suffered in a fire in the apartment complex in which the complainant resided. Pursuant to that representation, he filed a complaint in the District Court of Maryland, sitting in Baltimore City, on behalf of the complainant and against American International Group, Inc., trading as GE Homeowners Insurance Program, and others. The defendant American International filed a notice of intent to defend. It also propounded interrogatories for the complainant. Although the interrogatories were served on the respondent, the respondent did not forward them to the complainant, even after the court had denied his motion to withdraw appearance. Nor did the respondent answer them. As a result of the respondent's failure to appear and show cause as to why he should not be held in contempt for failure to answer the interrogatories, he was held in contempt and sanctions were imposed. The complainant was left to handle his case unrepresented, and, in that capacity, "entered into a settlement wherein a Stipulation of Dismissal was filed."

Despite numerous attempts to interview the respondent as a part of his investigation of the complainant's complaint, Bar Counsel has yet to do so. As detailed by the hearing judge, those efforts included:

"On February 14, 2008, William M. Ramsey, Bar Counsel Investigator (hereinafter 'Mr. Ramsey'), was assigned to investigate Mr. Carter's complaints against the Respondent. Mr. Ramsey called Respondent at his law office on March 14, 17, 18, 20, and 25, 2008, and left telephone messages requesting a return telephone call. Mr. Ramsey also paged Respondent. Mr. Ramsey never received a response to any of his telephone messages or the page. On March 28, 2008, Mr. Ramsey went to Respondent's law office at Harford Road in Baltimore, Maryland and found the office closed and locked. On April 18, 2008, Mr. Ramsey returned to Respondent's law office on Harford Road and found the doors locked again, Mr. Ramsey then attempted to leave a

telephone message for the Respondent, however, could not because Respondent's telephone message mailbox was full. Mr. Ramsey subsequently visited Respondent's home address on Wilson Avenue in Baltimore, Maryland and left a business card in the door jam of the house requesting that Respondent contact him. The Respondent never responded to Mr. Ramsey's telephone messages, page and note left at the Respondent's home address."

From these facts, the hearing judge concluded that the respondent violated all of the charged Rules of Professional Conduct, except Rules 1.2 and 8.4(a).[14] Specifically, he opined:

"Respondent incompetently represented Mr. Carter in violation of Rule 1.1 by not exhibiting the thoroughness and preparation reasonably necessary for the representation by his failure to prepare and answer Interrogatories, to respond to a Motion for Sanctions, in the District Court case, and by his failure to preserve Mr. Carter's right of appeal in the employment discrimination matter. Respondent's failure to communicate with Mr. Carter concerning both of his legal matters and by abandoning Mr. Carter, demonstrates a lack of diligence in violation of Rule 1.3. Respondent violated Rule 1.4 by failing to communicate with Mr. Carter and keep him informed of the status of his legal matters despite Mr. Carter's repeated efforts to speak with him. Due to the Respondent's failure to pursue Mr. Carter's cases, he abandoned the representation of Mr. Carter in violation of Rule 1.16(d). Respondent's lack of action in pursuing Mr. Carter's legal matters is conduct prejudicial to the administration of justice in violation of Rule 8.4(d). Further, Respondent violated Rule 8.1(b) by failing to return Bar Counsel Investigator, William M. Ramsey's telephone messages, note and page."

---

**14.** The hearing judge stated that he found a violation of Rule 8.4(a); however, perusal of the court's Findings and Conclusions belies the accuracy of that statement. Indeed, the only reference to Rule 8.4 is in connection with the effect of the respondent's conduct on the administration of justice, section (d).

The petitioner filed no exceptions to the judge's findings, either of fact or conclusions of law. Its Recommendation for Sanction is that the respondent be disbarred. In support of that recommendation, the petitioner notes the hearing judge's findings and conclusions and concludes that they reflect a determination that the respondent, more than simply being incompetent, failing to act with diligence and failing to communicate, abandoned his client. Then, pointing out that Section 4.41 [15] of the American Bar Association Standards for Imposing Lawyer Sanctions (as approved in 1986 and amended in 1992) favors disbarment, and citing *Attorney Grievance Comm'n v. Angst*, 369 Md. 404, 800 A.2d 747 (2002); *Attorney Grievance Comm'n v. Dunietz*, 368 Md. 419, 795 A.2d 706 (2002); *Attorney Grievance Comm'n v. Wallace*, 368 Md. 277, 793 A.2d 535 (2002); *Attorney Grievance Comm'n v. Montgomery*, 318 Md. 154, 567 A.2d 112 (1989), the petitioner submits that it is also the disposition that this Court has found to be the appropriate one in cases of "willful and flagrant neglect of a client's affairs." *Attorney Grievance Comm'n v. Manning*, 318 Md. 697, 704, 569 A.2d 1250, 1253 (1990).

As we have seen, the respondent did not participate in these proceedings and, so, has neither excepted to the findings or conclusions, nor made a recommendation for sanction.

■ Maryland Rule 16–759, as relevant, provides:

"(b) Review by Court of Appeals. (1) Conclusions of law. The Court of Appeals shall review de novo the circuit court judge's conclusions of law.

"(2) Findings of fact. (A) If no exceptions are filed. If no exceptions are filed, the Court may treat the findings

---

15. American Bar Association Standards for Imposing Lawyer Sanctions, Section 4.41 provides:

"Disbarment is generally appropriate when

"(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

"(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

"(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client."

of fact as established for the purpose of determining appropriate sanctions, if any."

Thus, since no exceptions have been filed challenging the hearing judge's findings of fact, we accept them as established. Moreover, those facts support the conclusions of law drawn by the court. *See Attorney Grievance Comm'n v. Olujobi,* 411 Md. 589, 596–97, 984 A.2d 237, 242 (2009); *Attorney Grievance Comm'n v. Hall,* 408 Md. 306, 322, 969 A.2d 953, 962 (2009); *Attorney Grievance Comm'n v. Goff,* 399 Md. 1, 27, 922 A.2d 554, 569 (2007). Accordingly, we proceed to the determination of the appropriate sanction.

We shall accept the petitioner's recommendation. In addition to the cases to which the petitioner directs our attention, we find *Attorney Grievance Comm'n v. Tinsky,* 377 Md. 646, 835 A.2d 542 (2003) of particular significance. There, Tinsky was found to have violated Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(d) of the Rules of Professional Conduct in connection with his representation of a client in two criminal cases then pending in the Circuit Court for Prince George's County, Maryland. *Id.* at 648–649, 652, 835 A.2d at 543, 545. Tinsky had accepted a fee and entered his appearance in those two cases and then failed to appear at scheduled trials. *Id.* at 652, 835 A.2d at 545. Nevertheless, without notice to the court or to his client, he closed his law office in Upper Marlboro, Maryland. *Id.* In support of its disbarment recommendation, Bar Counsel emphasized Tinsky's "complete and unexplained abandonment of his law practice and his failure to return unearned fees." *Id.* at 653, 835 A.2d at 546. Accepting that recommendation, we stated: "Tinsky betrayed the trust that his clients placed in him when they sought his assistance and the public trust with which he was endowed when he was admitted to the Bar of this Court." *Id.* at 655–656, 835 A.2d at 547.

As in *Tinsky,* after having undertaken the representation of the complainant in two cases and having performed pursuant to that undertaking, and without informing the client that he was going to do so, the respondent in effect abandoned his representation of the complainant. In the process, the

respondent violated the same rules that the respondent in *Tinsky* violated, plus one, Rule 8.1(b). Thus, in that sense, the violations are more egregious than in *Tinsky*. *See also Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319–20, 888 A.2d 359, 363 (2005); *Attorney Grievance Comm'n v. Velasquez,* 380 Md. 651, 658–659, 846 A.2d 422, 427 (2004).

In this case, as in *Tinsky,* the conduct meriting disbarment, unmitigated, has been established. Accordingly, disbarment is the appropriate and only possible sanction and its imposition is hereby ordered.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST CHARLES OWUSU KWARTENG.**