12 A.3d 650

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Sirina SUCKLAL.**

**Misc. Docket AG No. 26, Sept. Term, 2009.**

Court of Appeals of Maryland.

Jan. 25, 2011.

Dolores O. Ridgell, Asst. Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for Petitioner.

No argument on behalf of the Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, J.

On July 16, 2009, the Attorney Grievance Commission of Maryland, Petitioner, filed a "PETITION FOR DISCIPLINARY OR REMEDIAL ACTION" against Sirina Sucklal, Respondent. On July 20, 2009, this Court ordered that the charges against Respondent "be heard and determined by Judge C. Philip Nichols, Jr. of the Seventh Judicial Circuit, in accordance with Maryland Rule 16–757[.]" Judge Nichols filed "FINDINGS OF FACT AND CONCLUSIONS OF LAW" in which he concluded that Respondent violated Rules 1.4(b), 1.5(a) & (b), 5.5(a), (b), (c) & (d), 7.1, 7.5(a), and 8.4(b)(c) & (d) of the Maryland Rules of Professional Conduct. Respondent has not noted any exceptions to Judge Nichols'

findings and conclusions. For the reasons that follow, this Court concludes that Respondent's disbarment is required to protect the public interest.

## Procedural History

On July 30, 2009, the Clerk of the Circuit Court for Prince George's County issued a "Writ of summons" to be served on Respondent in this disciplinary matter. That summons was never served, and the Clerk issued a second summons on December 1, 2009. An "AFFIDAVIT OF SERVICE" filed by Kim Harris on December 14, 2009 included the following assertions:

> [O]n the 7th day of December, 2009 [at] 8:30 pm, I personally served Sirina A. Sucklal, Esquire, at 8511 Autumn Grain Gate, Laurel, MD 20723 with a copy of the attached Writ of Summons issued on December 1, 2009. The Summons was attached to the Order of the Court of Appeals of Maryland dated July 20, 2009, the Petition for Disciplinary or Remedial Action, a set of Interrogatories, Request for Admission of Facts and Request for Production of Documents.

On January 5, 2010, Petitioner filed a "MOTION FOR ORDER OF DEFAULT" on the ground that nothing whatsoever had been filed by Respondent. In an "ORDER OF DEFAULT" signed on February 16, 2010 and filed on February 22, 2010, Judge Nichols

> ORDERED, that the Clerk shall issue a notice to the Respondent at her last known address informing her that the Order of Default has been entered and that she may move to vacate the Order within thirty (30) days after entry; and it is further

> ORDERED, that leave be granted to the Petitioner to present such evidence as it deems necessary to allow the Court to carry out its functions under Maryland Rules 16–757 and 16–758; and it is further

> ORDERED, that this matter be set for a hearing on the 14th day of April, 2010 at 9:00 a.m.

The record shows that a "Notice of Default Order" was mailed to Respondent on February 22, 2010.

On March 11, 2010, Respondent filed a "MOTION TO VACATE THE ORDER OF DEFAULT" in which she asserted that she "was not served in December 2009 by anyone with a Writ of Summons from the Attorney Grievance Commission." Under her signature on this motion, Respondent provided the following information:

Sirina Sucklal, Esq. (Ret.)

8511 Autumn Grain Gate

Laurel, MD. 20723

Petitioner's response to Respondent's motion (1) noted that the facts asserted therein "are not supported by affidavit in accordance with Maryland Rule 2–311(d)," (2) attached the affidavit of an Investigator employed by Petitioner in support of its contention that "Respondent has a history of avoiding Petitioner's attempts to [serve] her with process," and (3) attached a more detailed affidavit of service provided by Kim Harris.

In a "MOTION TO DISMISS FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE TO VACATE THE ORDER OF DEFAULT" filed on March 30, 2010, Respondent stated:

**COMES NOW,** the Respondent, Sirina Sucklal, notifying the court that there is no jurisdiction over my person. I do not reside nor do I work in Prince George's County. Furthermore, the violation for which I have [sic] accused of did not take place in Prince George's County. Additionally, I did not waive my defense for a lack of jurisdiction as I did not file an answer with regards to the complaint filed by the plaintiff. Hence I am able to raise the issue of personal jurisdiction at any time unless waived under Rule 2–332.

On April 14, 2010, after confirming that Respondent had failed to appear at the hearing scheduled for that date, and after hearing the testimony of Kim Harris, Judge Nichols denied both of Respondent's motions and thereafter received

evidence presented by Petitioner in support of its Complaint. Judge Nichols' findings and conclusions were filed in this Court on July 1, 2010.

### Respondent's "Lack of Jurisdiction" Defense

There is no merit whatsoever in Respondent's argument "that there is no jurisdiction over [her] person." It is well settled that this Court has "original and complete jurisdiction" over attorney discipline proceedings arising out of conduct alleged to have occurred anywhere in Maryland. *See e.g., Attorney Grievance v. Rand,* 411 Md. 83, 93, 981 A.2d 1234, 1240 (2009) and cases cited therein. It is therefore of no consequence that Respondent resides in Howard County or that her misconduct did not occur in Prince George's County.

### Respondent's Misconduct

The following facts have been both "admitted" pursuant to Maryland Rules 16–754(c) and 2–323(e), and found by Judge Nichols as a result of the testimony presented by Petitioner's witnesses and the exhibits that were received into evidence during the April 14, 2010 hearing.

### I.

Respondent violated Rule 5.5 of the Maryland Lawyers' Rules of Professional Conduct (MRPC) by establishing an office for the practice of law and by representing that she was admitted to practice law in Maryland. Respondent also violated MRPC 7.1, which prohibits a lawyer from making a false or misleading communication about the lawyer or the lawyer's services, as well as MRPC 7.5, which prohibits a lawyer from using a professional designation that violates MRPC 7.1.

Although Respondent is not a member of the Maryland Bar,[1] in August of 2007, she established the "Sucklal Law Firm, LLC." in Rockville, Maryland by filing with the Maryland State Department of Assessments and Taxation "ARTI-

---

1. Respondent has been a member of the New York Bar since 1989.

CLES OF ORGANIZATION" that include the following information:

(2) The purpose for which the Limited Liability Company is filed is as follows: *Legal and Professional Services*

(3) The address of the Limited Liability Company in Maryland is *216 N. Adams [Street], Rockville, MD. 20850*

(4) The resident agent of the Limited Liability Company in Maryland is *Sirina Sucklal* whose address is *8511 Autumn Grain Gate, Laurel, MD. 20723*

On August 7, 2007, in the District Court of Maryland for Baltimore City, Respondent filed a Complaint on behalf of C. Ovid Trouth against one Corey Belcher. In this "contract" action (assigned Civil Case No.: 0101–0024694–2007), the plaintiff claimed $1,150.00. On the face of the Complaint, and in correspondence with the District Court, Respondent identified herself as

Sirina Sucklal, Esq.

Attorney for the Plaintiff

216 N. Adams Street

Rockville, MD. 20723

On March 4, 2008, the District Court received a "MOTION" signed by Respondent that included the following request for relief:

It is requested that I, Sirina Sucklal, Esq. be allowed to withdraw from the above captioned case as I am no longer able to proceed on behalf of C. Ovid Trouth, Sr. I have already notified the Plaintiff by letter. A copy of this motion will be sent first class mail to C. Ovid Trouth, Sr.

That motion was denied "with leave to re-submit" on the ground that it did not comply with Md. Rule 3–132(b) or with the requirement that a copy be mailed to the defendant. On November 26, 2008, the District Court ordered that this case "be dismissed for lack of prosecution pursuant to Maryland Rule 3–507, in that more than one year has transpired since the last docket entry."

Respondent also represented to Ella Smith (Smith) and Paulet Powell (Powell) that Respondent was admitted to practice in Maryland.

## II.

In her dealings with Smith and Powell, Respondent violated sections (a), (b), (c) and (d) of MRPC 8.4, which provides that a lawyer commits professional misconduct if he or she (a) violates the Maryland Lawyers' Rules of Professional Conduct, (b) commits a criminal act that reflects adversely on his or her honesty,[2] (c) engages in conduct involving dishonesty, fraud, deceit, or misrepresentation, or (d) engages in conduct that is prejudicial to the administration of justice.

Smith, a former employee of Howard University, met Respondent in 2003 when Respondent was also employed at that institution. In 2005, Respondent borrowed over $8,500 from Smith. The record includes an exhibit that shows as follows:

12/05/05

I, Sirina Sucklal hereby promise to pay to Ella Louise Smith the following amounts: $2,060.00 and $6,554.79 representing loans made to me in the respective amounts. These amounts are due and payable on January 15, 2006. These loans have been made in good faith and as such this note is binding and serves as a contract.

The signatures of both Respondent and Smith appear on this document, which was prepared by Respondent. Respondent did not repay the loans on January 15, 2006 or at any time thereafter.

On January 20, 2006, while purchasing her Laurel residence, Respondent misrepresented that she and Smith would each have an equal "tenancy in common" interest in the property, and—by promising to "remove [Smith's] name" in the near future—induced Smith to sign two Deeds of Trust in which

---

2. Practicing law without having been admitted to the Maryland Bar is a misdemeanor proscribed by § 10–601(a) of the Business, Occupations and Professions Article of the Maryland Code.

Smith assumed responsibility for payment of $662,600.00 to the Fremont Investment & Loan Corporation. Because of Respondent's subsequent failure or refusal to make the required mortgage payments, Smith's credit has been "ruined."

Powell retained Respondent to provide legal services to Powell and her son in connection with their efforts to renovate an investment property in Baltimore City. Respondent, who claimed to have "expertise" in this area, did not answer when Powell asked her what she would charge for her services. Powell was never told by Respondent that Respondent's fee would be $375.00 per hour, and Powell never agreed to pay such a fee.

On October 21, 2008, in the District Court of Maryland for Howard County, Respondent filed a "COMPLAINT" that included the following assertions:

Plaintiff

Sirina Sucklal

Defendant:

Paulet Powell

The particulars of this case are:

The Defendant asked the Plaintiff to act on her behalf in drafting documents, reviewing contract bids, negotiating prices and attending meetings at several locations or hosting meetings at the Plaintiff's home for the benefit of the Defendant's home renovation investment property. The Plaintiff was also asked to contact third parties on the behalf of the Defendant. Upon presentation of the Plaintiff's bill to the Defendant, the Defendant refused to pay for services rendered as her son asserted that the Plaintiff's fees were too high.

The Plaintiff claims:

*$17,788.75* plus interest of *$0.00* and attorney's fees of *$0.00* plus court costs.

Attached to Respondent's complaint were four invoices. The first two lines of each invoice contains the following identifying information:

**Sirina Sucklal**
**Attorney/Consultant**

At the bottom of each invoice is the following statement:
**Note:**
My standard fees are $375.00 per hour.

The invoices attached to Respondent's complaint do not identify Respondent as an attorney. The following identifying information, however, appears on each invoice Respondent presented to Powell before suit was filed:

**Sirina Sucklal**
**Attorney At Law**
**216 N. Adams Street**
**Rockville, MD. 20850**
**(240)353–4633**

Although Respondent's complaint against Powell was dismissed "with prejudice" when Respondent failed to appear for trial, Powell incurred counsel fees as a result of Respondent's lawsuit.

### III.

In her dealings with Powell, Respondent also violated MRPC 1.5(a), which prohibits a lawyer from charging an unreasonable fee, MRPC 1.5(b), which requires that the fee for which the client will be responsible shall be communicated to the client before or within a reasonable time after the lawyer commences the representation, and MRPC 1.4(b), which requires that a lawyer "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

### The Appropriate Sanction

■ In the words of Petitioner's Recommendation for Sanction:

In *Attorney Grievance Commission v. Alsafty*, 379 Md. 1, 838 A.2d 1221 [1213] (2003), this Court considered the appropriate sanction in a matter involving an attorney, who

engaged in the unauthorized practice of law in Maryland. The Court found that where such conduct was criminal and characterized by dishonesty, fraud and deceit, the appropriate sanction was disbarment, even where the trial court found mitigating factors. 379 Md. at 34 [19–20], 838 A.2d at 1224.

The conduct in the present case is, likewise, characterized by criminal conduct and dishonesty, fraud, deceit and misrepresentation. The conduct is at least as, if not more, egregious than that in *Alsafty* and there are no mitigating factors to weigh against the sanction of disbarment in this case.

Respondent should be disbarred.

 As noted above, Respondent has not provided this Court with any reason why the Commission's recommendation should be rejected. After conducting a *de novo* review of the record, this Court has concluded that disbarment is required to protect the public interest.[3] It is of no consequence to our conclusion that Respondent has never been admitted to the Maryland Bar. In *Attorney Grievance Commission v. Kimmel & Silverman*, 405 Md. 647, 955 A.2d 269 (2008), while imposing sanctions on two attorneys who were not members of the Maryland Bar, this Court stated:

[W]e are not unmindful of the influence of our disposition here on any reciprocal discipline that may be imposed by other jurisdictions.... The sanction we impose generally guides other jurisdictions where Respondents are admitted

---

3.
"Under Maryland law, the purpose of disciplinary proceedings is not to punish the lawyer, but to protect the public and the public's confidence in the legal profession. We protect the public through sanctions against offending attorneys in two ways: through deterrence of "the type of conduct which will not be tolerated," and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State. The public is protected when sanctions are imposed that are commensurate with the nature and gravity of the violations...."
*Attorney Grievance Comm'n of Maryland v. Siskind*, 401 Md. 41, 75, 930 A.2d 328, 347–48 (2007).

to the practice of law in determining an appropriate disciplinary response.

*Id.* at 686–87, 955 A.2d at 291–93.

For the reasons stated above, Respondent is hereby disbarred. Pursuant to Md. Rule 16–760(c)(9), our Order disbarring Respondent operates as an immediate directive that she "promptly notify the disciplinary authority in each jurisdiction in which [she] is admitted to practice of the disciplinary sanction imposed by [this Court]." Pursuant to Md. Rule 16–760(f), Bar Counsel shall enforce the provisions of this rule.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SIRINA SUCKLAL.**

