46 A.3d 1153

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**HEUNG SIK PARK.**

**Misc. Docket AG No. 15, Sept. Term, 2009.**

Court of Appeals of Maryland.

June 25, 2012.

Dolores O. Ridgell, Assistant Bar Counsel (Glenn M. Grossman, Bar Counsel of the Attorney Grievance Commission of Maryland), for Petitioner.

No argument on behalf of Respondent.

Argued before: BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY *, ADKINS, BARBERA, JJ.

PER CURIAM.

On May 8, 2009, Petitioner, Attorney Grievance Commission, acting through Bar Counsel, filed with this Court a Petition for Disciplinary or Remedial Action against Respondent, Heung Sik Park. The petition alleged violations of the Maryland Lawyers' Rules of Professional Conduct (MLRPC) arising out of Respondent's representation of Chae Hong Min and his wife, Kyung Min, in the filing of an Application for Permanent Residence Status, an Application for Employment Authorization, and other immigration-related services. The petition charged Respondent with violating MLRPC 1.1 (competence);[1] 1.3 (diligence);[2] 1.4 (communication);[3] 1.16 (de-

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision or adoption of this opinion.

1. MLRPC 1.1 provides:

 A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

2. MLRPC 1.3 provides:

 A lawyer shall act with reasonable diligence and promptness in representing a client.

3. MLRPC 1.4 provides:

 (a) A lawyer shall:

clining or terminating representation);[4] 8.1 (bar admissions and disciplinary matters);[5] and, 8.4 (misconduct).[6]

---

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

4. MLRPC 1.16 provides, in pertinent part:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

5. MLRPC 8.1 provides, in pertinent part:

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\* \* \*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

6. MLRPC 8.4 provides, in pertinent part:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;

We issued an order, in accordance with Rule 16–752(a),[7] designating the Honorable John Hennegan of the Circuit Court for Baltimore County to hear evidence on the matter and issue findings of fact and conclusions of law. After several unsuccessful attempts by Petitioner to obtain personal service on Respondent, a copy of our order, Bar Counsel's petition, and a writ of summons issued by the hearing judge were delivered to an employee designated by the Client Protection Fund of the Bar of Maryland to act as Respondent's agent for receipt of service, pursuant to Rule 16–753.[8] When Respondent subsequently filed no answer or response to the petition, Petitioner moved for an Order of Default. The hearing judge granted the order on October 22, 2009 and sent a Notice of Default to Respondent on November 6, 2009. Respondent filed nothing in response.

On December 11, 2009, the court conducted a hearing on the matter. Respondent did not appear at the hearing. Pursuant to Rule 2–323(e),[9] all averments in Bar Counsel's petition were

---

7. Rule 16–752(a) provides:

 (a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing.

8. Rule 16–753 provides:

 A copy of a Petition for Disciplinary or Remedial Action filed pursuant to Rule 16–751, and the order of the Court of Appeals designating a judge pursuant to Rule 16–752, shall be served on an attorney in the manner prescribed by Rule 2–121 or in any other manner directed by the Court of Appeals. If after reasonable efforts the attorney cannot be served personally, service may be made upon the employee designated by the Client Protection Fund of the Bar of Maryland pursuant to Rule 16–811 c 1(x), who shall be deemed the attorney's agent for receipt of service. The Fund's employee shall send, by both certified mail and ordinary mail, a copy of the papers so served to the attorney at the address maintained in the Fund's records and to any other address provided by Bar Counsel.

9. Rule 2–323(e) provides, in pertinent part:

deemed admitted. Petitioner also offered into evidence the testimony of William M. Ramsey, an investigator it employed; Kyung Min, Respondent's former client; and a binder of documents relating to the representation. Respondent, not present, offered no evidence.

Following the hearing, Judge Hennegan found by clear and convincing evidence that Respondent had violated MLRPC 1.1, 1.3, 1.4, 1.16, 8.1, and 8.4.

## I.

Judge Hennegan made a number of findings of fact, which we summarize as follows: On or about May 25, 2007, Respondent was retained by Chae Hong Min and his wife, Kyung Min, to file, on Mrs. Min's behalf, applications for permanent residence status, employment authorization, and other immigration benefits. Respondent charged a flat fee of $1,200, plus $1,365 for application costs, which the Mins paid on or about May 25, 2007. Respondent notified the Mins in June 2007 that their applications were complete, and, shortly thereafter, the Mins executed the applications. In July 2007, Respondent communicated to Mrs. Min that there were no issues with the applications.

Mrs. Min received a notice from immigration authorities on or about September 7, 2007. She attempted to contact Respondent, but was unable to speak to him until sometime in October 2007. In October 2007, Respondent told Mrs. Min that she would receive her work permit within 30 days. Mrs. Min did not receive her permit. Additionally, Respondent received a request for information from immigration authorities on October 11, 2007. Respondent did not inform the Mins about the request for information and he did not respond to the request.

---

(e) **Effect of failure to deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted unless denied in the responsive pleading or covered by a general denial.

The Mins received another notice from immigration authorities in February 2008, and they spoke to Respondent on or about February 14, 2008. Respondent promised to contact the immigration authorities and update the Mins on the status of their applications. He did not follow through on his promise. The Mins were unable to contact Respondent again until March 2008, despite leaving phone messages and calling a second phone number Respondent had provided to them, but that number was not in service the following day. When Mr. Min spoke to Respondent in March 2008, Respondent said that he was having personal problems, but would contact the Mins and provide more information about the case. Respondent did not provide the requested information. The Mins made several subsequent attempts to communicate with Respondent, through telephone message and a visit to Respondent's office in person, during regular business hours. At that visit, they were informed by an employee of a nearby office that Respondent was rarely in his office.[10] Despite these efforts, Respondent did not respond to the Mins.

Mrs. Min eventually filed a Freedom of Information Act (FOIA) request to obtain her applications' Notice of Decision. The notice informed Mrs. Min that her applications were denied because the requested information had not been forthcoming.

Mr. Min filed a complaint with Bar Counsel, which was received on or about June 13, 2008. Bar Counsel sent Respondent notice of the complaint and a request for written responses within fifteen days of June 17, 2008. In a letter dated July 10, 2008, Respondent wrote that his personal troubles and severe depression caused him not to follow up with the Mins' representation. Respondent also included some, but not all, of the immigration documents relating to the representation. Respondent wrote that he could not locate the remaining documents and indicated he would continue to respond to the complaint.

-----

10. Bar Counsel later learned in November 2008, that Respondent's office had moved several months earlier.

Bar Counsel sent Respondent a second letter on or about July 25, 2008, indicating that the case had been docketed and asking how long Respondent would need to complete his response. Respondent did not respond to this letter. Bar Counsel sent a third letter to Respondent on August 8, 2008, which indicated that Mr. Min had requested additional information regarding his case. Bar Counsel asked Respondent to provide the requested information within ten days of the letter. Respondent, again, did not respond to this letter.

Bar Counsel's attempts to contact Respondent through its investigator, William M. Ramsey, were unsuccessful. Investigator Ramsey visited Respondent's office and home and left business cards in Respondent's home's door and mailbox, but Respondent did not respond. Investigator Ramsey was unable to contact Respondent on the telephone.

Based on the foregoing facts, the hearing judge drew, by clear and convincing evidence, the following conclusions of law:

Petitioner alleged that the following Maryland Lawyers' Rules of Professional Conduct, (MLRPC), were violated by Respondent: 1.1, dealing with competence; 1.3, dealing with diligence; 1.4, dealing with communication with the client; 1.16, dealing with the termination of the representation; 8.1(b), dealing with responding to a disciplinary authority, and 8.4(d), dealing with conduct prejudicial to the administration of justice. For the reasons set forth below, there is clear and convincing evidence to find that each of these rules was violated.

### A. Rule 1.1. Competence

MLRPC 1.1 provides that: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The evidence established that the applications prepared and filed by Respondent were incomplete and that, even though he was notified by the U.S.C.I.S. that additional information was necessary, he failed to act in a timely

manner to provide the additional information requested and complete the process. There is clear and convincing evidence that Respondent failed to demonstrate the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation of the Mins, in violation of MLRPC 1.1.

### B. Rule 1.3. Diligence

MLRPC 1.3 provides that: A lawyer shall act with reasonable diligence and promptness in representing a client.

There is clear and convincing evidence that the same conduct which violated MLRPC 1.1 establishes a violation of MLRPC 1.3. Respondent violated MLRPC 1.3 when he failed to act with reasonable diligence and promptness when he ignored the U.S.C.I.S.'s efforts to obtain additional information and failed to take the steps necessary to complete the application process. Respondent also violated MLRPC 1.3 when he failed to act with reasonable diligence and promptness in keeping the client advised of the progress of the applications and in responding to his client's efforts to obtain formation about the case.

### C. Rule 1.4. Communication

MLRPC 1.4(a) provides that: A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.

The evidence established that Respondent failed to promptly inform his client of the request for additional

information sent to him on or about October 11, 2007. Further Respondent failed to inform them that they had 87 days to submit the additional information. Additionally he neglected to inform them that the Application to Register Permanent Residence or Adjust Status had been denied on or about April 3, 2008. Respondent also failed to promptly comply with Mrs. Min's reasonable requests for information, failed to inform the Mins that he was closing his office and did not provide a working telephone number where he could be contacted. This conduct constitutes clear and convincing evidence that Respondent violated MLRPC 1.4(a).

**D. Rule 1.16. Declining or Terminating Representation.**

MLRPC 1.16(d) provides that: [u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

In representing the Mins in this matter, Respondent charged a flat fee to complete Mrs. Min's immigration applications. He terminated the representation when he abandoned the representation, failed to provide all necessary services, and failed to keep the clients informed concerning the representation or his location. Respondent then failed to refund the unearned portion of the prepaid fee and failed to return papers to which the clients were entitled. There is clear and convincing evidence that Respondent violated MLRPC 1.16(d). *See, e.g., Attorney Grievance Commission v. Tinsky,* 377 Md. 646, 835 A.2d 542 (2003) (holding that an attorney's failure to notify his client of the closing of his office, taking a fee without appearing at trial and his disappearance while his client's cases were pending violated MLRPC 1.16(d)) and *Attorney Grievance Commission v. McCulloch,* 404 Md. 388, 946 A.2d

1009 (2008) (holding that MLRPC 1.16(d) was violated when an attorney completed only a portion of the work required by the client, did not achieve the client's objectives, kept the entire fee and failed to refund the unearned portion of the fee).

### E. Rule 8.1. Bar Admission and Disciplinary Matters.

MLRPC 8.1(b) provides that: An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

Respondent was sent letters on July 25 and August 8, 2008 by Assistant Bar Counsel. Respondent was asked in both of these letters to respond. Respondent ignored these requests. Respondent also failed to respond to investigator Ramsey's attempts to set up a meeting to discuss the complaint. Based on these facts, there is clear and convincing evidence that Respondent violated MLRPC 8.1(b). *See Attorney Grievance Commission v. Fezell*, 361 Md. 234, 253, 760 A.2d 1108, 1118 (2000) (holding that letters from Bar Counsel constitute lawful demands for information pursuant to MLRPC 8.1(b)), and *Attorney Grievance Commission v. Hallmon*, 343 Md. 390, 407–08, 681 A.2d 510, 519–20 (1996) (holding that refusal to meet with an Assistant Bar Counsel about a complaint violated MLRPC 8.1.).

### F. Rule 8.4(d) Misconduct.

MLRPC 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Conduct that reflects negatively on the legal profession and sets a bad example for the public at large is prejudicial to the administration of justice. *At-*

*torney Grievance Commission v. Goff,* 399 Md. 1, 22, 922 A.2d 554, 566 (2007).

Respondent failed to keep his clients informed, failed to diligently pursue the clients' immigration applications, abandoned the representation and failed to refund the unearned portion of the prepaid fee. Respondent also failed to respond to two or more lawful demands for information from Bar Counsel's office. There is clear and convincing evidence that such conduct is likely to negatively impact the public's perception of the legal profession and be prejudicial to the administration of justice in violation of MLRPC 8.4(d). *See, e.g., Attorney Grievance Commission v. Tinsky,* 377 Md. 646, 835 A.2d 542 (2003) ( [holding that] an attorney engaged in conduct prejudicial to the administration of justice is in violation of MLRPC 8.4(d) when, after undertaking the representation of a client in two matters and having performed pursuant to that undertaking, the attorney, in effect, abandoned the representation); *Attorney Grievance Commission v. Mooney,* 359 Md. 56, 82, 753 A.2d 17, 41 (2000) (holding that failure to represent a client in an adequate manner violated MLRPC 8.4(d)); *Attorney Grievance Commission v. Singleton,* 315 Md. 1, 7–8, 553 A.2d 222, 224 (1989) ( [holding that] a lawyer's neglect and lack of competence constituted conduct prejudicial to the administration of justice).

## II.

 This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland. In our independent review of the record, we accept the hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous, and we review de novo the hearing judge's conclusions of law. *Att'y Griev. Comm'n v. Brown,* 426 Md. 298, 314–15, 44 A.3d 344, 354 (2012).

Neither Petitioner nor Respondent filed exceptions to Judge Hennegan's findings of fact or conclusions of law, and Respondent did not appear at oral argument before this Court.

Judge Hennegan's factual findings are therefore "established for the purpose of determining the appropriate sanction." Md. Rule 16–759(b)(2)(A). With respect to Judge Hennegan's conclusions of law that Respondent violated MLRPC 1.1, 1.3, 1.4, 1.16, 8.1(b), and 8.4(d), we agree, for the reasons that follow.

■ MLRPC 1.1 requires that an attorney provide competent representation, which requires thoroughness and preparation. Although Respondent filed the applications for immigration benefits on Mrs. Min's behalf, he failed to demonstrate the proper level of thoroughness and preparation. The applications he submitted contained insufficient supporting evidence. Respondent exacerbated that error by failing to respond to the request from the U.S.C.I.S. for more information, despite his knowledge thereof. This failure ultimately led to the denial of Mrs. Min's applications. Such conduct demonstrates a lack of competency demanded by MLRPC 1.1. *See Att'y Griev. Comm'n v. Kwarteng*, 411 Md. 652, 658, 984 A.2d 865, 868 (2009) (agreeing with the hearing judge's conclusion that the respondent attorney was incompetent, in part for failing to prepare responses to discovery requests and failing to preserve the client's right of appeal).

■ MLRPC 1.3 requires that an attorney act with "reasonable diligence and promptness." Respondent's conduct of wholly ignoring the requests for more information sent by U.S.C.I.S., information which was necessary to complete Mrs. Min's applications, also violated MLRPC 1.3. It is axiomatic that the failure to respond timely to requests for necessary information from an adjudicating agency demonstrates a lack of reasonable diligence. *See, e.g., Att'y Griev. Comm'n v. Tinsky*, 377 Md. 646, 651, 835 A.2d 542, 544 (2003) (concluding that attorney's failure to supply additional materials requested by the court demonstrated a lack of diligence). Moreover, Respondent's failure to keep the Mins informed as to the status of the applications and his failure to respond to the Mins's inquiries both violate MLRPC 1.3. *See Kwarteng*, 411 Md. at 658, 984 A.2d at 868–69 (concluding that attorney

violated MLRPC 1.3 by failing to communicate with and abandoning his client).

MLRPC 1.4 requires that an attorney keep his/her client reasonably informed about the subject of representation and respond to requests for information in a prompt manner. Respondent failed to abide by these dictates, as well, by his failure to inform Mrs. Min about the request for additional information and, ultimately, that her applications had been denied. Despite repeated attempts to contact Respondent, the Mins were unsuccessful. Therefore, Respondent's conduct has also violated MLRPC 1.4. *See Att'y Griev. Comm'n v. De La Paz*, 418 Md. 534, 554, 16 A.3d 181, 193 (2011) (concluding that attorney violated MLRPC 1.4 by failing to respond to his clients' letters and messages, to inform a client that his case had been dismissed, to inform clients that he had moved his practice, and to provide the client with new contact information).

MLRPC 1.16(d) requires an attorney to take reasonably practicable steps to protect the client's interest upon terminating representation. Respondent, however, violated these mandates. Respondent terminated his representation of Mrs. Min by abandoning the matter before completion, failing to respond to Mrs. Min's messages, failing to provide sufficient contact information, and failing to inform of his intent to move (or close) his office. Moreover, he failed to refund any of the unearned fees and to return Mrs. Min's paperwork. *See De La Paz*, 418 Md. at 555, 16 A.3d at 193–94 (concluding that attorney violated MLRPC 1.16(d) by failing to inform clients that he was moving his practice, to return a client's file and refund unearned fees).

MLRPC 8.1(b) provides that an attorney must respond to lawful demands for information from the disciplinary authority. Respondent, multiple times, ignored Bar Counsel's letters to him, which specifically requested a response to the allegations. Moreover, Respondent ignored attempts of the investigator to communicate with Respondent about the allegations. The failure to respond to Bar Counsel's inquiries with respect

to its investigation of a disciplinary matter clearly violates MLRPC 8.1(b). *See, e.g., Att'y Griev. Comm'n v. Bleecker,* 414 Md. 147, 174, 994 A.2d 928, 944 (2010) (attorney violated MLRPC 8.1 by "fail[ing] to respond to repeated written requests for information from Bar Counsel.").

Lastly, MLRPC 8.4(d) establishes that it is professional misconduct to "engage in conduct that is prejudicial to the administration of justice." Respondent's failure to pursue Mrs. Min's applications diligently and competently, as well as his failure to maintain sufficient communication with Mrs. Min, as demonstrated by our conclusion that Respondent violated MLRPC 1.1, 1.3, and 1.4, constitutes conduct that brings disrepute to the legal profession, in violation of MLRPC 8.4(d). Respondent's failure to respond to Bar Counsel's attempted communications further contributed to that rule violation. *See Att'y Griev. Comm'n v. Rose,* 391 Md. 101, 111, 892 A.2d 469, 475 (2006) (concluding that the attorney violated MLRPC 8.4(d) by failing to respond "promptly, completely and truthfully" to Bar Counsel, to keep the client informed of the matter of representation, and to provide diligent representation).

## III.

Having concluded that Respondent violated MLRPC 1.1, 1.3, 1.4, 1.16, 8.1(b), and 8.4(d), all that remains for us to determine is the appropriate sanction for Respondent's misconduct.

Petitioner recommends disbarment as the appropriate sanction. Petitioner asserts that Respondent "betrayed the trust that his clients placed in him" when he failed to provide the legal services they sought, ignored their efforts to obtain information about their case, gave them misleading information about their case, failed to respond to the immigration service's informational requests, and failed to return the unearned fee. Citing our decision in *Tinsky,* Petitioner argues that disbarment is the only proper sanction for a lawyer who

fails to provide competent and diligent representation, abandons representation, and fails to return unearned fees.

 In selecting a sanction, we are cognizant of the principle that attorney discipline proceedings are not instituted to punish an offending lawyer, but rather to protect the public and the public's confidence in the legal profession. *Att'y Griev. Comm'n v. Sucklal*, 418 Md. 1, 10 n. 3, 12 A.3d 650, 655 n. 3 (2011). Imposition of a sanction protects the public in two ways: "through deterrence of the type of conduct which will not be tolerated, and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State." *Att'y Griev. Comm'n v. Usiak*, 418 Md. 667, 689, 18 A.3d 1, 14 (2011) (quoting *Att'y Griev. Comm'n v. Mahone*, 398 Md. 257, 268–69, 920 A.2d 458, 465 (2007)). Our selection of an appropriate sanction is guided by the nature and gravity of the violation, the intent with which the violation was committed, and the particular circumstances surrounding each case, including aggravating and mitigating factors. *Att'y Griev. Comm'n v. Khandpur*, 421 Md. 1, 18, 25 A.3d 165, 175 (2011).

 Petitioner's recommendation of disbarment finds support in two cases in which we disbarred an attorney for misconduct similar to Respondent's. In *Attorney Grievance Commission v. Brady*, 422 Md. 441, 460–61, 30 A.3d 902, 913 (2011), we disbarred an attorney for violating MLRPC 1.1, 1.3, 1.4, 1.5, 1.16 and 8.4. The respondent in that case failed to take fundamental steps in furtherance of his client's interest by neglecting to file a response to a motion to dismiss and failing to appear at a scheduling conference. *Id.* at 457, 30 A.3d at 911. Furthermore, the respondent failed to keep his client informed about the status of the case in the face of the client's requests for updates, collected unreasonable fees, failed to return unearned fees, and terminated the representation without notice to the client. *Id.* at 458–60, 30 A.3d at 911–13. We held that such misconduct, amounting to the effective abandonment of a client, "was sufficient to justify disbarment as the appropriate sanction." *Id.* at 461, 30 A.3d

at 913. Accordingly, we disbarred the *Brady* respondent. *Id.*, 30 A.3d at 913.

Similarly, we disbarred an attorney for violating MLRPC 1.1, 1.3, 1.4, 1.16, 8.1(b), and 8.4(d) in *Kwarteng*, 411 Md. at 660–61, 984 A.2d at 870. Like the respondent in *Brady*, we noted that the attorney in *Kwarteng* "in effect abandoned his representation of the complainant." *Id.* at 660, 984 A.2d at 870. Kwarteng did so by failing to prepare interrogatories, failing to respond to a motion for sanction, failing to preserve the client's right of appeal, failing to communicate with the client when the client repeatedly sought updates on the status of his case, and terminating the presentation by neglecting to pursue effectively the client's interests. *Id.* at 658, 984 A.2d at 868–69. Moreover, the attorney in *Kwarteng* violated MLRPC 8.1(b) when he failed to answer Bar Counsel's investigator's attempts to communicate with him. *Id.*, 984 A.2d at 869. We held that the only appropriate sanction for such misconduct, taken altogether, was disbarment. *Id.* at 661, 984 A.2d at 870.

*Brady* and *Kwarteng* inform the sanction in this case. In the absence of mitigation (as here), disbarment is the appropriate sanction when an attorney abandons a client by failing to pursue the client's interests, failing to communicate with the client, ignoring a client's repeated requests for status updates, terminating the representation without notice by failing wholly to provide effective services, and failing to return unearned fees. Respondent did all of this and failed to cooperate with Bar Counsel's lawful demands for information, in violation of MLRPC 8.1.

Accordingly, we order disbarment.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST HEUNG SIK PARK.**